J-A18022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE MATTER OF THE ESTATE OF ERIC S. WAITE | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA D. WAITE | : : : : : : : | |
| | : | No. 157 WDA 2019 |

Appeal from the Order Entered January 11, 2019
In the Court of Common Pleas of Jefferson County Orphans' Court at
No(s):  O.C. 68-2018

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED:  JULY 13, 2021**

Given our standard of review, I believe there is record support for the trial court's finding that Appellant's personal interests may have affected her ability to act impartially in Mr. Waite's best interest under the POA.  Surcharge was a proper remedy, and I would affirm the trial court's order on that basis.

The Majority devotes considerable time to addressing the MPAA and its effect upon ownership of the credit union accounts.  I find the discussion superfluous as, once the trial court determined that Appellant had not exerted undue influence over the decedent and that the decisions regarding the accounts were the decedent's own, the trial court implicitly acknowledged that

the decedent intended the funds to pass to Appellant upon his death.[1] Contrary to Appellant's claims, the issue before the trial court was not whether Appellant's violations of her duties under the POA invalidated the beneficiary designation on those accounts. Rather, the question was whether Appellant, who possessed a conflict of interest under the POA, could be surcharged for a violation of her fiduciary duties by ordering her to pay the account funds, **her funds**, into the Estate. Appellant concedes that surcharge is the proper remedy for a violation of her duties as agent. *See* Appellant's brief at 35.

I agree with the learned Majority that the issue herein is whether Appellant, "who possessed a conflict of interest under the POA, could be surcharged for the violation of her fiduciary duty," and its conclusion that there is no authority precluding surcharge. Majority Memorandum at 32. However, the Majority goes on to state: "Therefore, we acknowledge the MPAA's requirements that the beneficiary of a trust account be presumptively entitled to the funds from the account absent clear and convincing evidence of the decedent's intent to the contrary." *Id*. The Majority finds that Appellant is the beneficiary of the credit union accounts as there is no clear and convincing evidence of a contrary intent on the part of decedent, and that the trial court failed to apply the MPAA properly as it disregarded such evidence. *Id*. at 33.

_____

[1] It was virtually undisputed that the credit union accounts were either in trust for accounts or joint accounts with a right of survivorship.

I write separately because I find that the foregoing language leaves the Majority's disposition unclear. I believe that the effect of the Majority's decision is an affirmance of the trial court's order surcharging Appellant and directing her to place the credit union funds into the estate. However, since in my view, the trial court did not run afoul of the MPAA or invalidate Appellant's status as beneficiary of the credit union accounts, there is nothing to reverse. **See** Majority Memorandum at 35 (reversing "to the extent the trial court's order invalidated Appellant's status as beneficiary to the accounts at issue under the MPAA" and granting relief). Nor can I conceive of any relief to which Appellant would be entitled on that score. The trial court concluded that the credit union funds belonged to Appellant, but due to the conflict of interest, it subjected her to surcharge by ordering her to place her funds in the Estate.

Accordingly, I concur in the Majority's memorandum affirming the trial court's finding that Appellant acted in a manner as to raise a conflict of interest and that surcharge was a proper remedy. As I do not construe the trial court's decision as disregarding the MPAA and invalidating Appellant's beneficiary status on the credit union accounts, I dissent from the Majority's decision reversing the trial court on that basis. I would simply affirm the trial court's order *in toto*.